## 19750

STONEWALL INSURANCE COMPANY, Appellant, v. Gerald RICHARDSON et al, Respondents

(201 S. E. (2d) 743)

*Messrs. Grimball & Cabiniss,* of Charleston, *for Appellant,* cite:

*C. D. Hopkins, Jr., Esq.,* of Charleston, *for Respondents,* cites:

January 8, 1974.

Moss, Chief Justice:

This action is one under the "Uniform Declaratory Judgments Act", Section 10-2001 *et seq.,* of the Code. *Stonewall Insurance Company,* the appellant herein, brought this action to determine the extent of its liability, if any, under an automobile liability insurance policy issued to Gerald Richardson, a respondent herein, covering a 1967 Chevrolet Camaro, which policy was in effect on April 21, 1968, when he was involved in an accident resulting in the death of one Michael Welcome and injury to Bill Williford War-

ing. At the time of this accident, Richardson was operating a 1962 Ford Falcon which was registered in his name.

It was stipulated that the 1967 Chevrolet Camaro was involved in a collision in February, 1968, and was towed to a garage in Beaufort, South Carolina, then to one in Summerville, South Carolina, and thereafter to a third garage in St. George, South Carolina. The Camaro automobile, as a result of the collision, was rendered inoperable and remained so at the time of the accident on April 21, 1968.

It is also stipulated that actions were brought against Richardson for the death of Michael Welcome and for the injury to Bill Williford Waring and resulted in judgments against him.

It is the position of the appellant that the automobile liability insurance policy issued by it to Richardson afforded no coverage to him while he was operating the 1962 Ford Falcon. It is the position of the respondents that the policy of insurance covered the Ford Falcon, a newly acquired automobile, because it replaced the Chevrolet Camaro owned by Richardson and covered by the policy.

This case came on for trial before the Honorable G. Badger Baker, presiding judge, and a jury, on February 22, 1971. Prior to the trial the parties entered into a stipulation, to which reference has been made. At the conclusion of the testimony the trial judge ruled, all counsel agreeing, that there was no genuine issue of fact for determination and took the matter under advisement. Thereafter, the case was submitted to the Honorable Wade S. Weatherford, the then presiding judge, on the pleadings, the stipulation, the transcript of testimony at the trial, and the exhibits. Thereafter, Judge Weatherford, by written order dated April 25, 1973, ruled that the policy of the appellant afforded coverage on the 1962 Ford Falcon automobile, as a replacement vehicle. This appeal followed.

The only question presented by the appellant is whether the trial judge erred in holding that the Ford Falcon auto-

mobile was a replacement under the "newly acquired automobile" provision of the policy issued by the appellant, covering the Chevrolet Camaro. If the Falcon replaced the Chevrolet, under the terms of the appellant's policy, as contended for by the respondents, the Ford Falcon would be covered.

The provision of the policy under consideration here is as follows:

"(4) Newly Acquired Automobile—an automobile, ownership of which is acquired by the named insured or his spouse if a resident of the same household, if (i) it replaces an automobile owned by either and covered by this policy, or the company insures all automobiles owned by the named insured and such spouse on the date of its delivery and (ii) the named insured or such spouse notifies the company within thirty days following such delivery date; but such notice is not required if the newly acquired automobile replaces an owned automobile covered by this policy."

The primary requirement of the "replacement" provision is that the newly acquired automobile replaces an automobile described in the policy. The finding of the trial judge that the Ford Falcon, purchased on March 11, 1968, to replace the inoperable Chevrolet Camaro, is fully sustained by the evidence. Since the newly acquired Ford Falcon automobile replaced the Chevrolet Camaro owned by Gerald Richardson and covered by appellant's policy no notice of such replacement was required under the terms of the policy. Richardson did not give the appellant any notice, within 30 days, that he had acquired the Falcon automobile to replace the Chevrolet nor was he required to do so under the terms of the policy, because "such notice is not required if the newly acquired automobile replaces an owned automobile covered by this policy."

We find no error on the part of the trial judge in holding that the Falcon automobile, owned by Richardson, was a replacement, within the meaning of the policy provision and was insured thereunder.

The exception of the appellant is overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.